# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>EWING TODACHEENE,<br><br>　　Defendant. | No. 1:20-cr-01325-PJK-1 |

# ORDER ON VARIOUS PENDING MOTIONS (ECF Nos. 34, 40, 41, 42, 43, 69)

THIS MATTER comes on for consideration of various pending motions. This matter is set for a status conference on May 13, 2021 in which the parties may address motions not ruled upon. In any event, counsel are reminded of the importance of timely objections and offers of proof at trial. Fed. R. Evid. 103(a).

**A.**  **The following motions are well-taken and should be granted.**

**(1)** United States' Motion for a *Lafler-Frye* Hearing filed November 16, 2020. ECF No. 40. This motion is unopposed and the hearing will be conducted during the status conference to be held on May 13, 2021. The court will inquire whether any plea offers were communicated to Mr. Todacheene, and whether counsel discussed any such offers with him.

(2) United States' Motion *In Limine* to Prohibit Discussion of Sentencing or Punishment at Trial filed November 16, 2020. ECF No. 42. The government requests that defense counsel be prohibited from mentioning this to the jury during direct examination, cross-examination, and argument. The motion is unopposed, but Mr. Todacheene responds that should the government "open the door," Mr. Todacheene should be allowed to testify about these matters. Neither the government nor the defense may bring up these matters before the jury.

(3) United States' Motion *In Limine* to Prohibit Evidence and Argument About the Quality of the Investigation filed November 16, 2020. ECF No. 43. This motion is unopposed, but Mr. Todacheene states that he will seek guidance from the court if questions regarding a witness's motive or bias concern the investigation. Counsel are prohibited from questioning or offering evidence about the quality of the government's investigation. See United States v. McVeigh, 153 F.3d 1166, 1192 (10th Cir. 1998). Such evidence would only be relevant if it could "affect the reliability of particular evidence in [the] trial." Id. Additionally, questions about a witness's motive or bias is permissible for impeaching a witness. See United States v. Baldridge, 559 F.3d 1126, 1135 (10th Cir. 2009).

**B. The following motions are well-taken in part and should be granted in part and denied or deferred in part.**

**(1)** Defendant's Motion to Declare Case as Complex, to Continue Trial Setting of June 28, 2021 and for Status Conference filed March 25, 2021. ECF No. 69. Taking the requests seriatim, the motion to declare the case as complex because of "voluminous discovery" and the need for additional trial preparation, including independent investigation and pretrial motions, is not persuasive given the record. See Mot. at ¶¶ 3, 5 (ECF No. 69). The motion recites that additional time is needed to prepare with a medical expert and to conduct evaluations of Mr. Todacheene based on his medical history and the possibility that he may have had a seizure prior to the events in question. Id. The court does not see the case as complex "due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law . . . ." 18 U.S.C. § 3161(h)(7)(B)(ii). Here, there is one defendant facing two general intent counts that arise out of a single incident. While a defense expert may need time to conduct evaluations and prepare for trial, this is a common burden in criminal cases and does not render this case unusual or complex. The court notes that from the time this motion was filed, the defense team will have had more than three months to prepare with the expert for the current trial date. Insofar as the request for a status conference, one has been set for May 13, 2021, but the court declines to continue the trial at this time.

**(2)** United States' First Motion *In Limine* filed November 16, 2020. ECF No. 41. The motion to prohibit mention before the jury is unopposed as to the following items and should be granted: (1) allegations of government

misconduct; (2) pre-trial rulings; (3) plea negotiations; (4) offers to stipulate; (6) administrative discipline; and (7) defense exhibits. Insofar as items (5) information known only to defendant, and (8) defendant's health, the defendant opposes these items and the court should reserve.

**(3)** Defendant's Opposed Motion to Produce Specific Discovery filed November 5, 2020. ECF No. 34. Mr. Todacheene seeks: (1) J.H.'s contract with the Indian Health Service; (2) J.H.'s entire personnel file; and (3) information about J.H.'s health insurance coverage that may reflect her status as a federal employee. Items are discoverable under Fed. R. Crim. P. 16(a)(1)(E) if they "alter the quantum of proof" for a defendant's case. United States v. Goris, 876 F.3d 40, 45 (1st Cir. 2017) (citations omitted). This can include information that is exculpatory as well as inculpatory. See United States v. Marshall, 132 F.3d 63, 68 (D.C. Cir. 1998). The first item is discoverable because it may bear on a jurisdictional defense. The court is not persuaded by the government's privacy argument because it is unlikely that such a contract would contain any particularly intimate or personal information. Cf. Livesey v. Salt Lake Cnty., 275 F.3d 952, 956 (10th Cir. 2001). On the other hand, Mr. Todacheene's second and third requests are not well-taken because the contract should address the jurisdictional defense; therefore, these additional documents would not provide a material benefit to the defense.

NOW, THEREFORE, IT IS ORDERED that:

(1) United States' Motion for a *Lafler-Frye* Hearing filed November 16, 2020 (ECF No. 40) is granted;

(2) United States' Motion *In Limine* to Prohibit Discussion of Sentencing or Punishment at Trial filed November 16, 2020 (ECF No. 42) is granted;

(3) United States' Motion *In Limine* to Prohibit Evidence and Argument About the Quality of the Investigation filed November 16, 2020 (ECF No. 43) is granted;

(4) Defendant's Motion to Declare Case as Complex, to Continue Trial Setting of June 28, 2021 and for Status Conference filed March 25, 2021 (ECF No. 69) is granted insofar as a status conference, and denied in all other respects;

(5) United States' First Motion *In Limine* filed November 16, 2020 (ECF No. 41) is granted as to exclude items: (1) allegations of government misconduct; (2) pre-trial rulings; (3) plea negotiations; (4) offers to stipulate; (6) administrative discipline; and (7) defense exhibits. The court reserves whether to exclude items: (5) information known only to defendant; and (8) defendant's health; and

(6) Defendant's Opposed Motion to Produce Specific Discovery filed November 5, 2020 (ECF No. 34) is granted insofar as J.H.'s contract with the Indian Health Service, and denied in all other respects.

DATED this <u>6th</u> day of May 2021, at Santa Fe, New Mexico.

<u>/s/ Paul Kelly, Jr.</u>
United States Circuit Judge
Sitting by Designation