1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. No. 20-1325 PJK |
| | ) | |
| | ) | |
| EWING TODACHEENE, | ) | |
| | ) | |
| Defendant. | ) | |

## UNOPPOSED MOTION TO VACATE AND CONTINUE
## JANUARY 5, 2022 SENTENCING HEARING BY AT LEAST FOURTEEN DAYS

Defendant Ewing Todacheene, by and through undersigned counsel, moves the court to

vacate and continue the sentencing hearing currently scheduled for January 5, 2022. Defendant

requests that the sentencing hearing be continued at least 14 days for all of the below reasons. The

United States does not oppose this request. In support of this motion, Defendant states:

1.      Mr. Todacheene entered a guilty plea on August 4, 2021. *See* Doc. 99.

2.      Mr. Todacheene presently remains in custody as he has since April 3, 2020. *See* Doc.

11.

3.      Mr. Todacheene is represented by both of the undersigned counsel; however, Mr.

Gorence is lead counsel in the case and has represented Mr. Todacheene since the outset of the case.

As a result, Mr. Gorence is exceedingly well-versed in the factual underpinnings of the case as well

as the legal and procedural history of the case. Mr. Gorence has been regularly meeting with Mr.

Todacheene, who remains in custody, throughout the duration of the case.

4.      The parties have each filed sentencing memoranda and objections to the Presentence

Report and are ready to proceed with sentencing, with the exception that the undersigned counsel

2

have not yet had the opportunity to meet with Mr. Todacheene regarding the addendum to the PSR

which was recently filed or regarding the Government's sentencing memorandum.

5.      Unfortunately, this morning, Mr. Gorence, who is presently out of the country,

learned that he has tested positive for the virus that causes COVID-19. He is therefore required to

quarantine for an unknown period of time until he tests negative for the virus and is therefore unable

to appear at the January 5, 2022 sentencing hearing.[1]  Even if Mr. Gorence were presently in New

Mexico, he would be required to physically isolate due to his positive test and would not be able to

attend the sentencing hearing.[2]

6.      Additionally, Mr. Gorence is scheduled to meet with Mr. Todacheene at the Santa Fe

County Jail on January 4, 2022 to review the recently filed Addendum to the PSR and to discuss its

implications for his sentencing as well as to review the Government's recently filed Sentencing

Memorandum. Unfortunately, due to his required quarantine, Mr. Gorence will be unable to meet

with Mr. Todacheene prior to the scheduled sentencing hearing.

7.      This morning, Ms. Fox-Young has attempted to schedule an in person or virtual

meeting with Mr. Todacheene at the jail and has been unable to do so.

8.      Given that Mr. Gorence is lead counsel in the case and is unable to return to New

Mexico in time to meet with Mr. Todacheene and in order to appear at his sentencing hearing, the

Court has good cause to postpone the sentencing hearing for at least 14 days.

9.      Mr. Todacheene respectfully requests that the Court grant this motion to continue

given that forcing him to proceed to sentencing on January 5, 2022 will seriously prejudice his

---

[1]  *See* https://www.cdc.gov/coronavirus/2019-ncov/travelers/international-travel/index.html
(requiring air travelers to show a negative covid test taken no more than one day prior to travel to
the United States)
[2]  *See* https://cv.nmhealth.org/how-to-isolate-when-positive/ (last checked January 1, 2022)

3

defense for the above-described reasons. Only a continuance of the sentencing hearing can eliminate this prejudice.

10.     The Court has discretion regarding the timing of sentencing, and the denial of a Defendant's request for a continuance "amounts to a constitutional violation only if there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *United States v. King*, 127 F.3d 483, 486-87 (6th Cir. 1997)(internal quotation marks omitted).

11.     The Government, through Assistant United States Attorney Thomas Aliberti, does not oppose this continuance.

## LAW REGARDING THE TIMING OF SENTENCING

With respect to the timing of sentencing, Rule 32 of the Federal Rules of Criminal Procedures provides: "The court must impose sentence without unnecessary delay." Moreover, unless Defendant waives the timeline, a PSR must be disclosed to Defendant 35 days before sentencing. *See id*. 32(e). "Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1).

The Court may adjust any of the timelines set forth in Rule 32 for good cause. *See id*. 32(b)(2) ("The court may, for good cause, change any time limits prescribed in this rule."). Rule 45 of the Federal Rules of Criminal Procedure additionally vests courts with authority to extend the time a party has to perform an act for good cause. *See* Fed. R. Crim. P. 45(b)(1) ("When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion . . . .").

4

"The Tenth Circuit has not adopted a definition for good cause under rule 32." *United States v. Jones*, No. CR 14-0769 JB, 2016 WL 5395277, at \*3 (D.N.M. Sept. 15, 2016). Previously, this Court has analogized good cause under the Federal Rules of Criminal Procedure to "good cause" as that term is understood in the Federal Rules of Civil Procedure. *See United States v. Jones*, No. CR 14-0769 JB, 2016 WL 5395277, at \*3-4.

## ANALYSIS

This request is not being submitted because of neglect by the parties or their counsel. Rather, as noted above, the parties have actively litigated this case and will be preparing for sentencing.   Nevertheless, under the circumstances, neither Mr. Todacheene nor the public will be prejudiced by a continuance.   To the contrary, Mr. Todacheene will benefit from the continuance because he will have the opportunity to confer with counsel prior to the hearing and will have the considerable benefit of having his lead counsel present to make argument at his sentencing.

WHEREFORE, Mr. Todacheene, by and through undersigned counsel, respectfully requests that the Court continue the January 5, 2022 Sentencing Hearing by at least 14 days.

Respectfully submitted,

*/s/ Robert J. Gorence*
Robert J. Gorence
Gorence & Oliveros, P.C.
300 Central Ave. SW, Suite 1000E
Albuquerque, NM 87102

&

/s/ *Justine Fox-Young*
Justine Fox-Young, P.C.
5501 Eagle Rock Ave. NE, Suite C2
Albuquerque, NM 87113
(505) 796-8268

5
## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of January, 2022, I filed the foregoing pleading via CM-ECF, causing all registered parties to be served.

*/s/ Justine Fox-Young*
Justine Fox-Young